# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Juan Gregorio Fuentes-Lopez,<br><br>       Petitioner,<br><br>v.<br><br>Alondra Crystal Garcia,<br><br>       Respondent. | Case No. 2:24-cv-00890-JAD-DJA<br><br>**Order** |

Respondent's counsel—the Masters Law Group, LLC, and Solomon Dwiggins Freer & Steadman Ltd.—move to withdraw their representation of Respondent Alondra Crystal Garcia, explaining that "circumstances have arisen which have made the maintenance of a professional relationship no longer possible." (ECF No. 41). No party has responded to the motion withdraw. However, the motion has three major deficiencies.[1] So, the Court denies it.

First, while counsel asserts that "circumstances have arisen which have made the maintenance of a professional relationship no longer possible," counsel does not provide any further detail. But "[c]orrectly identifying the circumstances [leading to withdrawal] is important given that the decision whether to allow withdrawal of counsel is entrusted to the broad discretion of the Court." *PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2023 WL 4636846, at \*4 (D. Nev. July 19, 2023) (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)). Counsel makes no effort to explain the circumstances they assert have led to their withdrawal. To the extent they are concerned about revealing attorney-client privileged information, counsel does

---

[1] Counsel's motion also has the more minor deficiency of arising under "*District of Nevada Local General Rule IA 10-6.*" (ECF No. 41 at 1) (emphasis in original). Local Rule IA 10-6 does not exist in the most recent version of the Local Rules, which were updated over five years ago.

not make this clear.[2]  Counsel also does not offer to provide their reasoning in camera to avoid those issues.

      Second, under Local Rule IA 11-6(e), if a withdrawal would result in the delay of the trial or any hearing in the case, the party seeking leave for withdrawal "must request specific relief from the scheduled discovery, trial, or hearing."  Here, counsel appears to assert that the withdrawal will not result in delay because the trial is not set until July 30, 2025.  Counsel erroneously states that "[o]ther than the trial scheduled for more than two (2) months from now on July 30, 2025, there are no pending court dates that would affect the interest of the parties." (ECF No. 41 at 2).  However, counsel ignores the fact that they filed their motion one day before the May 29, 2025, motion in limine deadline.  Counsel also ignores that the parties are scheduled to undergo a calendar call on July 14, 2025, and that their exhibit lists, witness lists, trial briefs, and findings of fact and conclusions of law are due the day before, on July 13, 2025.  (ECF No. 39).  So, it is not clear that the withdrawal would not result in the delay of trial.

      Third, counsel has not properly served their motion on their client.  Local Rule IA 11-6(b) provides that an attorney who seeks to withdraw must file a motion "and serve it on the affected client and opposing counsel."  Counsel explains that they emailed their motion to Respondent, asserting that they did not know Respondent's physical address, only that she lives in Henderson.  But counsel also pointed out that Respondent has a P.O. Box in Carson City.[3]  (ECF No. 41 at 2).  After counsel filed their motion, the Court quickly informed them that "there is no indication that the client has consented to email and so, counsel has not complied with Local Rule IA 11-6(b) by serving the motion on the affected client." (ECF No. 42).  The Court required counsel to file a

---

[2] If the "circumstances" leading to counsel's withdrawal are economic, then counsel likely has no basis to not include them because "[f]ee information generally is not privileged." *PlayUp, Inc. v. Mintas*, No. 2:21-cv-02129-GMN-NJK, 2023 WL 4039717, at *2 n.6 (D. Nev. May 8, 2023) (quoting *Tornay v. U.S.*, 840 F.2d 1424, 1426 (9th Cir. 1988)).  The "[p]ayment of fees is incidental to the attorney-client relationship, and does not usually involve disclosure of confidential communications from the professional relationship." *Id.*

[3] Federal Rule of Civil Procedure 5(b)(2)(C) provides that a paper is served by "mailing it to the person's last known address—in which event service is complete upon mailing."  The rule does not differentiate between physical and P.O. Box addresses.

certificate of service showing service of the motion on their client.  Counsel filed a certificate of service on June 3, 2025.  Respondent did not respond within Local Rule IA 11-6(b)'s fourteen-day period, counting either from the date counsel purported to serve her or from the date they filed their certificate of service.  But the certificate of service indicates that counsel did not actually comply with Federal Rule of Civil Procedure 5(b), Local Rule IA 11-6(b), or this Court's order because counsel did not show that they mailed the motion to Respondent, only that they emailed it.  And counsel provided no further explanation why they could not comply with their service obligations or the Court's order or why email service was the only possible avenue for them to notify their client.

Because of these deficiencies, the Court denies counsel's motion to withdraw.  Any renewed motion must explain, or offer to explain in camera, the reasons why counsel is withdrawing.  Any renewed motion to withdraw must also comply with the applicable Federal and Local Rules.

**IT IS THEREFORE ORDERED** that counsel's motion to withdraw (ECF No. 41) is **denied without prejudice.**

DATED: June 18, 2025

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE